# UNITED STATES DISTRICT COURT
for the
Middle District of North Carolina

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )
) Case No. 1:24mJ53
Priority Mail Express Package EI934885402US, located )
at Moore County Sheriff's Office, )
302 S. McNeil St., Carthage, NC 28327 )

**APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS**

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

Priority Mail Express Package EI934885402US, located at Moore County Sheriff's Office, 302 S. McNeill St., Carthage, NC 28327

located in the _____Middle_____ District of _____North Carolina_____ , there is now concealed *(identify the person or describe the property to be seized)*:

Controlled substances evidencing a violation of Title 21, United States Code, Sections 841(a) and 846 (Distribution and possession with intent to distribute controlled substances and conspiracy relating to the same).

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
☑ evidence of a crime;
☑ contraband, fruits of crime, or other items illegally possessed;
☑ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 USC 841(a) | Distribution/Possession with Intent to Distribute Controlled Substances |
| 21 USC 846 | Conspiracy to Distribute Controlled Substances |

The application is based on these facts:
See attached Affidavit.

☑ Continued on the attached sheet.
☐ Delayed notice of _____ days *(give exact ending date if more than 30 days:* _____ *)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

/s/ Sebastian Piñeiro
*Applicant's signature*

Sebastian Piñeiro, Task Force Officer
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by
_____telephone_____ *(specify reliable electronic means)*.

Date: 02/08/24

*Judge's signature*

City and state: Greensboro, North Carolina     Hon. L. Patrick Auld, United States Magistrate Judge
*Printed name and title*

# AFFIDAVIT IN SUPPORT OF
# AN APPLICATION FOR A SEARCH WARRANT

The undersigned, being duly sworn, deposes and states:

## Affiant's Background and Training

1. I, Sebastian Piñeiro, being duly sworn, depose and state that I am currently a Law Enforcement Officer employed with the City of Fayetteville Police Department, and have been so employed since May of 2005. I attended the Basic Law Enforcement Training at the City of Fayetteville Police Academy, where I completed over six hundred and ninety-one hours of training from certified police instructors. A portion of this training included instruction on narcotics activity at the street level. Upon successful completion of the field-training program, I was assigned to patrol, where I made multiple felony and misdemeanor arrests for controlled substance related offenses. I received training, attended classes, and have field experience in the operations of a street-level narcotics investigation. I have completed courses and training that included the use of hidden compartments, and which also focused on the manner in which narcotics are transported and packaged for trafficking. I have completed the Drug Enforcement and Drug Identification for Patrol Officers training, which focused on the transport, recognition, packaging, and testing of illegal narcotics. I have attended and successfully completed the Search Warrant Writing Class given by the Justice Academy in Salemburg, NC. I have developed, obtained information from, and used

confidential sources of information during the investigation of street-level narcotics and alcohol. I am familiar with many types of controlled substances and also the ways that they are manufactured, packaged, transported, and sold. I have participated in undercover narcotic-controlled purchases with the Fayetteville Narcotics Unit. I have developed information which led to over twenty search warrants which resulted in the seizure of narcotics and weapons. In my capacity as a Narcotics Detective, I have worked in investigations of gangs, guns, and narcotic sales, as well as using confidential informants. I am currently assigned as a U.S. Postal Inspection Service (USPIS) Task Force Officer to the Contraband Interdiction and Investigations Team in Raleigh, North Carolina and am responsible for the investigation of narcotics, drug trafficking organizations, and money laundering via the United States Postal Service. I have received training from the USPIS, and members of the USPIS, in the investigation of controlled substances or proceeds/payments being transported through the United States via the Postal Service.

2. This affidavit is submitted for the limited purpose of establishing probable cause for the search warrant(s) sought. I have not set forth each and every fact known to me concerning this investigation. I have included what I believe are facts sufficient to establish probable cause that violations of Title 21, United States Code Sections 841 (a)(l) and 846 have occurred, are

2

occurring, and will occur. The information contained in this affidavit is based upon my personal knowledge and investigation, as well as information conveyed to me by other law enforcement agents and employees.

**Information Regarding the Suspect Parcel**

3. On February 7, 2024, I reviewed inbound mail at the United States Postal Facility at 405 North Main Street, Candor, North Carolina 27229. While present, I observed Priority Mail parcel bearing tracking number 9505511805134036768281 (hereafter referred to as ("SUBJECT PARCEL #1") and Priority Mail Express parcel bearing tracking number EI934885402US (hereafter referred to as ("SUBJECT PARCEL #2") in transit to 121 Powell Store Road, Candor, North Carolina, 27229. The SUBJECT PARCEL #1 was listed as being addressed from 5847 West Myrtle Avenue, Glendale, Arizona 85301. The SUBJECT PARCEL #2 was listed as being addressed from 2732 West Medlock Drive Apartment 202, Pheonix, Arizona 85017.

4. The SUBJECT PARCEL # 1 is described as follows:
    a. Addressed to: "Robert Duarte 121 Powell Store Rd Candor, NC 27229"
    b. From: "Vlices Durate 5847 W Mrytle Ave Glendale, AZ 85301"
    c. Size: 19 x 17 x 14
    d. Weight: 13 pounds .06 ounces

3

e. Postage affixed: $148.25

   f. Physical description: Pen + Gear brown box, bearing tracking number 9505511805134036768281

5. The SUBJECT PARCEL # 2 is described as follows:

   a. Addressed to: "Robert Duarte 121 Powell Store Rd Candor, NC 27229"

   b. From: "Jose Rios 2732 W Medlock Dr Apt:202 Phoenix, AZ 85017"

   c. Size: approximately 19 x 17 x 14

   d. Weight: approximately 12 pounds 15 ounces

   e. Postage affixed: $268.05

   f. Physical description: Pen + Gear brown box, bearing tracking number EI934885402US.

6. Both SUBJECT PARCELs were shipped from the greater Phoenix, Arizona area and share characteristics (such has type of ink and handwriting). As such, your affiant believes that they were written by the same person. Both packages were also paid for in cash. Handwritten labels and paying in cash are methods consistent with what I know drug traffickers do in order to avoid law enforcement detection.

7. I conducted a review of available law enforcement databases on both subject parcels and determined the name (Vlices Durate) on SUBJECT PARCEL #1

4

as the sender is not associated with the 5847 West Myrtle Avenue, Glendale, Arizona 85301. Furthermore, the recipient's name (Robert Duarte) on the SUBJECT PARCEL #1 does not associate with the address of 121 Powell Store Road, Candor, North Carolina, 27229.

8. Similarly, the name (Jose Rios) listed as the sender of SUBJECT PARCEL #2 is not associated with 2732 West Medlock Drive Apartment 202, Pheonix, Arizona 85017. The recipient's name (Robert Duarte) on the SUBJECT PARCEL # 2 does not associate with the address of 121 Powell Store Road, Candor, North Carolina, 27229.

9. I am aware, through my training and experience, that people who utilize the U.S. Mail to distribute controlled substances and/or related monetary payments seldomly use real names and addresses in different combinations (real sender/fake receiver, fake sender/real receiver, fake sender/fake receiver), and do so in an attempt to avoid detection by law enforcement agencies. I am also aware, through training and experience, that Arizona is used for distributing narcotics and receiving narcotics proceeds, and North Carolina is a known destination for controlled substances through the U.S. Mail.

5

10. I am aware, also through my training and experience, that people often use the U.S. Mail, specifically Priority Mail Express and Priority Mail, for the delivery of controlled substances and narcotics proceeds for various reasons, some of which are listed below:

   a. Items sent via Priority Mail Express and Priority Mail cannot be examined without a federal Search Warrant.

   b. Priority Mail Express and Priority Mail are generally expected to be delivered in one to three days. This assures the sender of an expedited delivery.

   c. Priority Mail Express and Priority Mail allow for various dispatch times (times which a mailed item is transported to the next destination) which are available to customers upon request and provides the sender an opportunity to have some control as to the arrival of the mailed item.

   d. Individuals desiring to either send or receive controlled substances and payments for these substances through the U.S. Mail can do so without having to provide identification. This reduces the possibility of revealing their true identity.

   e. Individuals use the U.S. Mail to send payment, often large sums of U.S. Currency, for the controlled substances they have purchased. Based upon my training and experience, I know that it is common for the currency to come into contact with the narcotics during drug

6

transactions. As a result, it is common for the currency/drug proceeds to also have the odor of narcotics.

f. Individuals who ship controlled substances through the United States Postal Service often pay using U.S. Currency to avoid detection by Law Enforcement.

11. On February 7, 2024, USPIS along with Moore County Sheriff's Office narcotics team conducted surveillance on 121 Powell Store Road. The surveillance units in the area observed the mail carrier arrive at 121 Powell Store Road and was directed by an unknown black female to bring both SUBJECT PARCELs over to her at 105 Powell Store Road. The unknown back female placed the SUBJECT PARCELs on a picnic table in the front yard. A short time later a gray color Dodge Ram pickup truck (North Carolina registration plate TMN-1022) stopped in the roadway front of 105 Powell Store Road. The driver of the pickup truck (later identified as Kelly Herrington, DOB: 3-27-1993), exited the pickup truck and retrieved SUBJECT PARCEL #2 from the picnic table and place it the bed of the pickup truck. Surveillance units attempted to contact HERRINGTON as he went to retrieve SUBJECT PARCEL #1. HERRINGTON observed the surveillance units and fled on foot. He was subsequently detained. The SUBJECT PARCELs were transported to Moore County Sheriff's Department at 302 South McNeill Street, Carthage, NC 28327.

## Information Regarding the Use of a Drug Detecting Canine

12. On February 7, 2024, Sergeant M.E. McCoy of the Harnett County Sheriff's Office (HCSO), assigned to the HCSO Uniformed Patrol Division as a canine handler, was contacted regarding the SUBJECT PARCELs. Sergeant McCoy and drug detecting canine Brutus (hereafter, "Brutus"), responded to the Moore County Sheriff's Office located at 302 S McNeill St, Carthage, NC in the Middle District of North Carolina.

13. SUBJECT PARCEL #1 was placed in a lineup with four other parcels, none of which contained a controlled substance. Brutus walked among the parcels. Brutus alerted only to SUBJECT PARCEL #1 by sitting and staring at SUBJECT PARCEL #1, which was Brutus's signal to indicate the scent of a controlled substance. The examination took place at approximately 3:19 p.m. on February 7, 2024.

14. SUBJECT PARCEL #2 was placed in a lineup with four other parcels, none of which contained a controlled substance. Brutus walked among the parcels. Brutus alerted only to SUBJECT PARCEL #2 by sitting and staring at SUBJECT PARCEL #2, which was Brutus's signal to indicate the scent of a controlled substance. The examination took place at approximately 3:25 P.m. on February 7, 2024.

15. Sergeant McCoy has been a sworn law enforcement officer for the past fifteen (15) years and is currently employed as a Deputy Sheriff with HCSO. Sergeant McCoy has received over 180 hours of instruction and training in narcotics enforcement, narcotics related investigations, criminal/drug interdiction and legal updates while attending basic, intermediate, and advanced police schools. Sergeant McCoy has initiated and/or assisted in hundreds of narcotics related investigations and has initiated and/or supervised hundreds of investigations leading to the arrest and conviction of narcotics users, street level dealers and traffickers in the State of North Carolina.

16. In August of 2014, Sergeant McCoy was selected by the HCSO to be the canine handler for the Uniformed Patrol Division, primarily conducting criminal interdiction with the HCSO. Sergeant McCoy and Brutus are a certified narcotics detection team through the International Police Work Dog Association (IPWDA). Sergeant McCoy and Brutus are credited with locating large quantities of illegal narcotics and bulk United States currency while conducting criminal interdiction investigations, and assisting with various local, state, and federal narcotics investigations.

9

17. In 2020, the HCSO purchased Brutus from Ventosa Kennels in Scotland Neck, NC. Canine Brutus is a male Dutch Shepard, a breed specifically selected for their keen senses and ability to be trained to detect the odor of controlled substances. Sergeant McCoy and Brutus attended and successfully completed the HCSO canine training program, which consisted of over 200 hours of training in which Sergeant McCoy and Brutus were trained and tested as a canine team in their proficiency in locating the odors of Marijuana, Crack Cocaine, Cocaine HCL, Heroin, Methamphetamine, and Ecstasy. Canine Brutus has proven to be consistent, reliable, and proficient in the detection of the above listed odors.

18. Sergeant McCoy and Brutus were originally certified as a Narcotics Detection Team by the International Police Working Dog Association in the detection of Marijuana, Crack Cocaine, Cocaine HCL, Heroin, Methamphetamine and Ecstasy. Sergeant and Brutus would typically certify annually as a Narcotics Detection Team with the International Police Working Dog Association, however, the most recent certification for Sergeant McCoy and Brutus was conducted by the Cumberland County Sheriff's Office IPWDA Master Trainer Lt. J. Salisbury in January of 2023. This certification is valid for fifteen months from the date of issuance.

19. Canine Brutus is trained to "Passively Alert" after detecting the odor of narcotics for which he has been trained. This "Passive Alert" consists of a physical reaction which ultimately ends in him coming to a sitting and/or laying position when the odor of narcotics for which he is trained is detected. Brutus also exhibits various mental and physical reactions which are noticeable to Sergeant McCoy which include changes in his behavior such as becoming possessive of the area, a refusal to leave an area where the odor of narcotics is detected, and changes in his breathing rate and sniffing patterns.

20. Canine Brutus undergoes frequent training for the detection of concealed controlled substances, which is on-going in order to ensure his proficiency. Sergeant McCoy also frequently consults various periodicals and law enforcement bulletins to stay informed about current trends utilized by narcotics traffickers to include advanced narcotic concealment and packaging methods.

21. Sergeant McCoy and Brutus have assisted various local, state, and federal law enforcement officers in hundreds of narcotics investigations. Sergeant McCoy has successfully demonstrated the ability to properly deploy and maintain a police narcotics canine and effectively locate controlled substances with the assistance of Brutus that have been concealed in a

variety of locations. Since being placed into service in January of 2020, multiple search warrants (state and federal combined) have been issued based on probable cause provided by positive alerts by Brutus, resulting in the seizure of large quantities of controlled substances and bulk United States currency.

**Conclusion Regarding Probable Cause**

22. Based on the above facts, I have probable cause to believe that SUBJECT PARCEL #1 and SUBJECT PARCEL #2 contain contraband and/or evidence in violation of Title 21, United States Code, Sections 841(a)(1) and 846. Therefore, I respectfully request that a Search Warrant be issued for SUBJECT PARCEL #1.

Respectfully Submitted,

\S\Sebastian E. Pineiro

SEBASTIAN E. PIÑEIRO
Task Force Officer
U.S. Postal Inspection Service

In accordance with Rule 4.1(b)(2)(A), the Affiant attested under oath to the contents of this Affidavit, which was submitted to me by reliable electronic means, on this ___8th___ day of February 2024, at _12:09_ a.m./p.m.

L. Patrick Auld
United States Magistrate Judge
Middle District of North Carolina

12